IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CLARENCE H. WYATT, JR.,

    Plaintiffs,

v.                                                          Civil Action No. 5:14CV55
                                                                                     (STAMP)
CAPITAL ONE BANK (USA), N.A.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND
AND REMANDING CIVIL ACTION TO THE
CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA**

I. Procedural History

The above-styled civil action was filed in the Circuit Court of Ohio County, West Virginia. In his complaint, the plaintiff, Clarence H. Wyatt, Jr. ("Wyatt") asserts claims for violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA") by the defendant, Capital One Bank (USA), N.A. ("Capital One"). The plaintiff seeks statutory, compensatory, and punitive damages.

Capital One removed this case to this Court on the basis of diversity jurisdiction, claiming that the parties are citizens of different states and that the amount in controversy in the case exceeds $75,000.00, exclusive of interest and costs. The plaintiffs then filed a motion to remand, which claims that diversity jurisdiction is lacking because Capital One has failed to demonstrate that the amount in controversy exceeds the jurisdictional amount of $75,000.00, exclusive of interest and costs.

II. <u>Facts</u>

In its notice of removal, Capital One argues that the amount in controversy was met after requests for admissions were served on the plaintiff and the plaintiff refused to stipulate that the damages in this action were less than $75,000.00. Further, Capital One asserts that the amount in controversy was not met when it received two demand letters from the plaintiff (of amounts over $75,000.00) based on the <u>Clements v. HSBC Auto Finance, Inc.</u>, No. 5:09-cv-00086, 2011 WL 2976558 (S.D.W. Va. July 21, 2011), graduated scale and that it believed the adjusted amount in controversy was $42,477.70.

In his motion to remand, the plaintiff argues that removal was untimely and the amount in controversy has not been sufficiently proven by Capital One. The plaintiff states that he sent two demand letters on July 16, 2013 and August 23, 2013 which offered resolution for the amounts of $250,000.00 and $182,250.00, respectively. The plaintiff asserts that these letters triggered 28 U.S.C. § 1446(b) and thus the removal by Capital One 257 days after the second demand letter was received is untimely. As to Capital One's proof, the plaintiff argues that it has not proven the amount in controversy exceeds $75,000.00 because Capital One has only provided the plaintiff's responses to Capital One's requests for admission as evidence of the amount in controversy. When asked to stipulate that the amount in controversy was less than $75,000.00, the plaintiff refused. The plaintiff asserts that

such refusal may not be used as support for removal. Finally, the plaintiff asserts that Capital One is estopped from arguing that the amount in controversy is more than $75,000.00 because Capital One responded negatively to plaintiff's request for an admission that the plaintiff was entitled to more than $75,000.00 in damages.

In response, Capital One argues that the plaintiff's denials in his admissions should be used as support for the amount in controversy because: (1) the West Virginia Rules of Civil Procedure ("WVRCP") do not state that a denial of a request cannot be considered as evidence; (2) the WVRCP also provide an option other then specifically admitting or denying the request, a party may provide a detailed reason why the party cannot admit or deny; and (3) a United States District Court for the Northern District of Oklahoma held that an admission denial could be used as evidence in support of removal. As to the plaintiff's demand letters, Capital One contends that this Court's prior holdings support a finding that removal was not proper at that time because the demands were unrealistic. Finally, Capital One argues that it is not estopped from arguing that the amount in controversy exceeds $75,000.00 because such a response does not touch upon whether the amount in controversy is met. Capital One contends that a defendant would always have to respond that the plaintiff is entitled to $75,000.00 or more in damages if such a rule was implemented.

In reply, the plaintiff argues that its settlement demand letters were not unrealistic as there were 81 violations complained

of by the plaintiff which, under West Virginia law, could result in damages of $377,062.29. Thus, Capital One was on notice that the case was removable at the time it received the letters. The plaintiff also reiterates his other arguments.[1]

The parties have fully briefed the motion, and it is now ripe for the consideration of this Court. For the reasons that follow, this Court will grant the plaintiff's motion to remand.

### III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151

---

[1] There was a motion to strike requests for admissions pending (previously filed in state court) at the time the motion to remand came to fruition. That motion was referred to United States Magistrate Judge James E. Seibert. In the motion, the plaintiff requests that admissions regarding the amount in controversy be stricken because Capital One mislabeled the admissions and the plaintiff was not properly served with the document. The magistrate judge denied that motion finding that although Capital One had mistakenly mislabeled the admissions in the certificate of service, the plaintiff was not prejudiced by such a mistake as the plaintiff received the pleading and had notice of it. No objections were received to the magistrate judge's order.

4

(4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

## IV. Discussion

The plaintiff asserts that Capital One was untimely in its removal as the plaintiff had sent two demand letters in July and August of 2013 requesting a settlement of $250,000.00 and $182,250.00. Further, in those letters, plaintiff's counsel notified Capital One that the plaintiff is alleging 81 separate violations of the WVCCPA. Thus, the plaintiff argues that Capital One's removal in May of 2014 was untimely as it was outside of the thirty-day limit allowed pursuant to 28 U.S.C. § 1446(b)(3).

Capital One argues that its removal was timely as the settlement demands did not provide evidence that the amount in controversy exceeded $75,000.00, exclusive of interest and costs, at that time. Capital One cites three cases to support its assertion, Williams v. Hodgson, Civil Action No. 5:11CV80, 2011 WL 3793328, at *2 (N.D.W. Va. Aug. 24, 2011), Soos v. Kmart Corp., Civil Action No. 5:08CV163, 2009 WL 192447, at *2-*3 (N.D.W. Va. Jan. 26, 2009), and Clements (referenced above). These cases will be addressed below.

Pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other

5

paper from which it may first be ascertained that the case is one which is or has become removable." The term "other paper" includes settlement offers. Tolley v. Monsanto Co., 591 F. Supp. 2d 837, 845 (S.D. W. Va. 2008).

Rather than focusing on the defendant's subjective knowledge to determine the timeliness of a notice of removal, courts "rely on the face of the initial pleading and on the documents exchanged in the case" and require "that those grounds be apparent within the four corners of the initial pleading or subsequent paper." Lovern, 121 F.3d at 163. The "other paper" must contain "unequivocal facts" that alert the defendant to the federal claim. Tolley, 591 F. Supp. 2d at 845. However, district courts in the Fourth Circuit have held that even if the other paper is "vague," as long as it provides at least some "clue" that federal claims are asserted, the thirty day time period for removal begins to run. Id. at 849; see also Shonk Land Co., LLC v. Ark Land Co., 170 F. Supp. 2d 660, 662 (S.D. W. Va. 2001); Link Telecommunications, Inc. v. Sapperstein, 119 F. Supp. 2d 536, 541-42 (D. Md. 2000).

As to determining the amount in controversy, when there is a maximum penalty by statute, it is appropriate to measure the amount in controversy by the maximum and not by what the plaintiff is likely to win. See Brill v. Countrywide Home Loans Inc., 427 F.3d 446, 449 (7th Cir. 2005); Korn v. Polo Ralph Lauren Corp., 536 F.Supp.2d 1199 (9th Cir. 2008). This method of measuring the amount in controversy is also the common practice in cases under

6

the West Virginia Consumer Credit Protection Act which have been removed to federal court. See Knott v. HSBC Card Services Inc., No. 3:10CV82, 2010 WL 35522105 at *4 (N.D.W.Va. Sept. 8, 2010); Maxwell v. Wells Fargo Bank, N.A., No. 2:09-0500, 2009 WL 3293871 (S.D.W. Va. Oct.9, 2009). As the surrounding case law demonstrates, it is appropriate to use the statutory maximum in estimation of the amount in controversy. See e.g., Woodrum v. Mapother & Mapother P.S.C., Inc., No. 2:10-00478, 2010 WL 3943732 at *4 (W.Va. Oct. 5, 2010); Jefferson v. Quicken Loans, Inc., No. 5:13CV59, 2013 WL 3812099, at *2 (N.D.W. Va. July 19, 2013).

Capital One urges the Court to use the standard set forth in Clements, a United States District Court for the Southern District of West Virginia case. In that case, the court used a graduated scale assigning a lower penalty amount to earlier made phone calls and a high penalty amount to later made phone calls in violation of WVCCPA. Clements, 2011 WL 2976558, at *7 However, the court in Clements specifically stated that its holding did not "set any standard or precedent in assessing penalties (for any particular number of calls) since the facts and circumstances of each case must dictate the applicable result." Id. Further, the Clements court applied the gradual scale to determine what the amount of damages should be for a final judgment. Id. This Court is not determining the amount of damages for a final judgment. In this case, this Court is determining whether or not it has jurisdiction and whether or not the amount in controversy has been shown. To

7

reiterate, that determination is based on the statutory maximum as an estimation of the amount in controversy. Thus, this Court finds that Capital One was incorrect in basing its calculation of the amount in controversy on <u>Clements</u> rather than prior case law of this Court that has set forth a different standard. <u>See</u> <u>Jefferson v. Quicken Loans, Inc.</u>, No. 5:13CV59, 2013 WL 3812099, at *2 (N.D.W. Va. July 19, 2013).

Further, <u>Williams</u> and <u>Soos</u> are distinguishable, despite Capital One's arguments otherwise. The controversy in <u>Williams</u> involved a negligence claim which arose out of a car accident. <u>Williams</u>, 2011 WL 3793328, at *2. The plaintiff in that action was seeking damages, for among other things, mental anguish, loss of ability to function, and future pain. <u>Id.</u> Further, the plaintiff had sent a demand letter to the defendant for $190,000.00, which this Court found was too speculative to support a finding that the amount in controversy had been met. <u>Id.</u> However, the plaintiff's demand letter for $190,000.00 was based on damages that are more difficult to calculate than the demand letters that were proffered by the plaintiff in this action which informed Capital One that the plaintiff is alleging a certain number, 81, of violations of the WVCCPA which provides specific statutory penalties. Further, this Court has a set formula for determining the amount in controversy for cases involving statutory penalties, specifically allegations of violations of the WVCCPA.

This same analysis can be applied to this Court's holding in Soos, a slip and fall case, that the defendant had not shown that the amount in controversy was met despite a demand letter from the plaintiff requesting a $250,000.00 settlement. Id. at *2. Again, the damages in a slip and fall case are much more speculative than those in a statutory penalty case such as this one. Further, in Soos, the plaintiff had provided a subsequent non-binding-representation to this Court that he would accept $75,000.00 to settle the claims, which bolstered this Court's finding that the settlement amount in the demand letter was not enough to support a finding that the amount in controversy had been met. Id. at *3.

In this action, the plaintiff has alleged 81 violations of the WVCCPA and also has demanded settlements of $250,000.00 and $182,250.00 in two separate demand letters. Those settlement demands occurred outside of the thirty-day limit for removal set forth in 28 U.S.C. § 1445(b)(3). Thus, if Capital One could have had a "clue" at the time that those demands were made that the amount in controversy exceeded $75,000.00, exclusive of interest and costs, then its removal was untimely.

Pursuant to the WVCCPA, penalties for such violations are "not less than one hundred dollars nor more than one thousand dollars." W. Va. Code § 46A-5-101(1).[2] Under the standard cited above, this

---

[2]This Court notes that the plaintiff cites the United States Department of Labor Consumer Price Index and an adjusted maximum penalty of $4,655.09 because the $1,000.00 maximum was set in 1974. ECF No. 18-1 at 9. However, the amount in controversy is met even if the 1974 figure is used and thus this Court will use that

9

Court will use the maximum statutory penalty to calculate the amount in controversy that existed when the plaintiff sent his settlement demands. As such, the amount in controversy at the time of those demands was at least $81,000.00 and would have been above the $75,000.00 threshold. Thus, Capital One should have had a "clue" that the amount in controversy had been met and that federal jurisdiction was appropriate at that time. Tolley, 591 F. Supp. 2d at 845.

Accordingly, for the reasons noted above, this Court finds that Capital One failed to timely remove this action from the state court. This Court will not address the parties' other arguments regarding the jurisdiction of this Court as the finding that the defendant's removal was untimely is dispositive. This Court thus lacks subject matter jurisdiction, and must remand this case to the Circuit Court of Ohio County.

## V. Conclusion

For the reasons stated above, the plaintiffs' motion to remand is GRANTED. This matter is hereby REMANDED to the Circuit Court of Ohio County, West Virginia.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to

---

figure.

Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: January 7, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE